IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAROL D. MOORE,                )
                               )
        Plaintiff,              )
                               )
    v.                         )         1:23CV739
                               )
STEVE MANSBERY,                )
ALICE C. STUBBS, and           )
THARRINGTON SMITH, LLP,        )
                               )
        Defendants.            )

## ORDER

On July 15, 2024, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties pursuant to 28 U.S.C. § 636. Plaintiff, proceeding pro se, has filed a document entitled "Motion to Ensure Due Process and Prevent Dismissal" (Doc. 22), which the court construes as an objection to the Recommendation.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination, which is in accord with the Magistrate Judge's report. To the extent Plaintiff's objections could be viewed as an attempt to amend her complaint (see Doc. 22-1), such attempt would be futile because the amendment does not cure the primary reason for dismissal of the original complaint noted in the Recommendation; that is, the Rooker-Feldman doctrine precludes this court from exercising jurisdiction in this case. See Save

Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) ("A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss."). The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the motion to dismiss of Defendants Steve Mansbery, Alice C. Stubbs, and Tharrington Smith, LLP (Doc. 7) is GRANTED and Plaintiff's claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Because the court lacks subject matter jurisdiction over the case, it does not address the Magistrate Judge's alternative basis for dismissal. Sarhan v. USCIS, No. 1:23-cv-657, 2024 WL 1286258, *3 (M.D.N.C. Mar. 26, 2024) (citing Steel. Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998)) ("If a court determines that jurisdiction is lacking, it cannot proceed at all, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.")

A Judgment dismissing this action without prejudice will be entered contemporaneously with this Order.

/s/   Thomas D. Schroeder
United States District Judge
September 23, 2024